UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GARRETT LEE JONES,

    Petitioner,

v.                                                     Case No. 5:17cv67-MCR-CJK

BLACKMON, Warden,
FCI-Marianna,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Before the court is Garrett Lee Jones' petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (doc. 1) and a memorandum in support (doc. 2). The government responded in opposition. (Doc. 10). The matter is referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After reviewing the petition, the undersigned concludes it should be dismissed for lack of jurisdiction.

### BACKGROUND AND PROCEDURAL HISTORY

Petitioner is currently confined at the Federal Correctional Institution in Marianna, Florida, serving a 360-month sentence imposed in 2005 by the United States District Court for the District of Minnesota in *United States v. Jones*, Case No. 0:03-CR-00442-ADM/RLE-1. In Case No. 0:03-CR-00442-ADM/RLE-1,

petitioner was convicted by a jury on May 6, 2004, of 4 counts of aggravated sexual abuse, crimes that occurred on the Red Lake Indian Reservation. The Presentence Investigation Report ("PSR") noted Counts 1, 2, and 3 involved the same victim and Count 4 involved a different victim. The PSR calculated Jones' offense level as 42, which included a 5-level increase under § 4B1.5(b)(1) of the sentencing guidelines for being a repeat and dangerous sex offender against minors, and a 2-level increase under § 2A3.1(b)(2)(B) due to the age of one of the victims. On June 6, 2005, the court sentenced Jones to 360 months' imprisonment.

Petitioner appealed, challenging the sufficiency of the evidence, the sentencing enhancements, and the application of advisory sentence guidelines to crimes that occurred before *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Jones*, 440 F.3d 927 (8th Cir. 2006). According to the reported appellate decision, Jones also raised *pro se* that his equal protection and Sixth Amendment rights were violated when the government removed him from the Reservation without first notifying the tribal government so that extradition could take place. *Id.* at 928-29. The Eighth Circuit rejected Jones' arguments and affirmed the judgment of the district court. *Id.* at 929. The United States Supreme Court denied Jones' petition for a writ of certiorari. *Jones v. United States*, 549 U.S. 855 (2006).

On June 4, 2015, Jones moved to vacate the sentence pursuant to 28 U.S.C. § 2255, claiming trial counsel rendered ineffective assistance. The district court

denied Jones' motion and also denied a certificate of appealability. Petitioner appealed the district court's denial of his § 2255 motion and refusal to grant a certificate of appealability. The Eighth Circuit denied the certificate of appealability and dismissed the appeal. On May 31, 2016, petitioner requested permission from the Eighth Circuit to file a successive § 2255 motion, seeking relief based on an intervening Supreme Court decision. The Eighth Circuit denied the application to file the successive § 2255 motion on October 18, 2016.

On March 6, 2017, Jones filed this 28 U.S.C. § 2241 action to again challenge the June 2005 sentence, asserting he is actually innocent of the enhancements under §§ 4B1.5(b)(1) and 2A3.1(b)(2)(B) of the sentencing guidelines, and application of both enhancements "amounted to impermissible double counting." He claims he is entitled to relief under § 2241 based on the Supreme Court's decision in *Burrage v. United* States, 571 U.S. —, 134 S. Ct. 881 (2014). Petitioner says, specifically, "there was not sufficient factual basis to support the [sentence enhancements]" and "the district court actions amounted to impermissible double counting which is inconsistent to the Supreme Court holding in *United States v. Burrage*."[1]

---

[1] Petitioner brought a similar "double counting" claim in his direct appeal, arguing one part of the sentencing guidelines was applied to increase his punishment on account of a kind of harm which had already been accounted for by application of another part of the guidelines. *Jones*, 440 F.3d at 928.

Case No. 5:17cv67-MCR-CJK

## DISCUSSION

"Typically, collateral attacks on the validity of a federal sentence must be brought under [28 U.S.C.] § 2255." *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005); *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) ("Since 1948, Congress has required that a federal prisoner file a motion to vacate, 28 U.S.C. § 2255, instead of a petition for a writ of habeas corpus, *id.* § 2241, to collaterally attack the legality of his sentence."). "A motion to vacate allows a prisoner to contest his sentence 'upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.'" *McCarthan*, 851 F.3d at 1081 (*quoting* 28 U.S.C. § 2255(a)). The "saving clause" of § 2255 permits a federal prisoner to file a habeas petition under 28 U.S.C. § 2241 if he establishes the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e); *see also McCarthan*, 851 F.3d at 1081. Petitioner argues he satisfies the requirements of the § 2255(e) saving clause and is entitled to bring his claim under § 2241 because his

claim relies on a retroactively applicable Supreme Court decision, namely, *Burrage*, 571 U.S. —, 134 S. Ct. 881 (2014).[2]

In *McCarthan*, the Eleventh Circuit overruled prior circuit precedent and established a new test for determining when a prisoner can proceed under § 2241. 851 F.3d at 1082. The court held: "A motion to vacate is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim." *McCarthan*, 851 F.3d at 1099; *see also id*. at 1089 ("When a prisoner's motion attacks his sentence based on a cognizable claim that can be brought in the correct venue, the remedy by motion is adequate and effective to test his claim."). The new *McCarthan* test has been summarized as follows:

> [W]e determined [in *McCarthan*] that the only relevant consideration is whether the prisoner would have been permitted to bring that type of claim in a § 2255 motion. If so, the § 2255 remedy is adequate and effective, even if the specific claim would have been foreclosed by circuit precedent or otherwise subject to some procedural bar or time limitation. A § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention under the saving clause only in limited circumstances. Those circumstances include: (1) when raising claims challenging the execution of the sentence, such as the deprivation of good-time credits or parole determinations; (2) when the sentencing court is unavailable, such as when the sentencing court itself has been dissolved; or (3) when practical considerations, such as multiple sentencing courts, might prevent a petitioner from filing a motion to vacate.

---

[2] In *Burrage*, the Supreme Court addressed whether 21 U.S.C § 841(b)(1)(C) requires the government to prove that a drug which the defendant distributed was the but-for cause of a drug user's death. The Court held: "[A]t least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841 (b)(1)(C) unless such use is a but-for cause of the death or injury." 134 S. Ct. at 892.

*Bernard v. FCC Coleman Warden*, — F. App'x —, 2017 WL 1430875, at *1 (11th Cir. Apr. 24, 2017) (*citing McCarthan*, 851 F.3d at 1085-93).

Petitioner does not satisfy the *McCarthan* test for proceeding under the saving clause. The claim of insufficient evidence to support application of enhancements under the sentencing guidelines is exactly the type of claim that a motion to vacate is designed to remedy. Petitioner also claims the sentence should be vacated in light of *Burrage*, a Supreme Court case decided after his sentencing. Under *McCarthan*, however, petitioner cannot use a change in caselaw to satisfy the § 2255 saving clause because he himself could have argued for the change in his direct appeal or § 2255 motion.[3] *See McCarthan*, 851 F.3d at 1087-88 (holding petitioner's ability to argue for a change in substantive law was an adequate and effective remedy under § 2255(e)). And despite what petitioner claims, *Burrage* dealt specifically with the interpretation of a statute criminalizing drug distribution, which has no applicability to petitioner's convictions for aggravated sexual abuse or "double counting."

Because the claims raised in this § 2241 petition could have been brought in a motion to vacate under § 2255, petitioner cannot show the motion was inadequate

---

[3] Despite *Burrage* being decided in 2014, petitioner failed to mention the decision in his June 4, 2015, § 2255 motion to vacate. (Doc. 10-7).

Case No. 5:17cv67-MCR-CJK

or ineffective to test the legality of his detention. Petitioner's failure to satisfy the saving clause requires dismissal of this case.

Accordingly, it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1) be DISMISSED WITH PREJUDICE for lack of jurisdiction, as petitioner has not demonstrated entitlement to proceed under § 2241.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 25th day of July, 2017.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 5:17cv67-MCR-CJK